IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN ALLEN HESSMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:12-0590 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| BAD GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion to Add Party." Docket No. 14. The body of the Motion states in full as follows:

> Pursuant federal civil rule 20(a)(2)(A), (B) Plaintiff respectfully prays Honorable Federal Magistrate may allow Mayor Michael G. Smith to be added as a party to this suit on the theory of respondent superior [*sic*] for these following good causes:
>
> 1. Defendant Marty Smith McLemore refuses his legal mail from Plaintiff, (see accompanying return);
>
> 2. Defendant is unservicable by local police because 'our' cousin is the County Mayor; and
>
> 3. Mayor Smith is Defendant's employer and landlord and would be a party anyhow for garnishing Defendants' wages:

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. Docket No. 1. A defendant cannot be liable under § 1983 on a theory of respondeat superior. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). Thus, Plaintiff's purported amendment would be futile.

Moreover, it is readily apparent that Plaintiff has failed to state a claim upon which relief can be granted as to Mayor Michael G. Smith, who essentially is alleged to be the Mayor (of something).

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion to Add Party" (Docket No. 14) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge