IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN ALLEN HESSMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:12-0590 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| BAD GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court upon two filings by the pro se prisoner Plaintiff: (1) a document headed "Complaint Amendment Against Municipality" (Docket No. 26); and (2) a document headed "Amendment of Prosecutorial Misconduct" (Docket No. 27).

Plaintiff, a pro se prisoner, filed a 133 page Complaint, with an additional 40 pages of "addenda." Docket No. 1. The only Defendant identified in the caption of the Complaint is "Bad Government." In the body of the Complaint, however, Plaintiff named 26 Defendants. The undersigned undertook a frivolity review pursuant to 28 U.S.C. § 1915A.

The undersigned has submitted a Report and Recommendation recommending that Plaintiff's claims be dismissed with regard to all Defendants except Defendant "Chief Bryant." Docket No. 15. The undersigned further recommended that the Clerk be instructed to send Plaintiff a service packet for Defendant Chief Bryant only, that Plaintiff be directed to complete the service packet, and return it to the Clerk's Office within thirty (30) days so that process may issue. *Id.*, p. 50.

Plaintiff subsequently filed an Objection to the Report and Recommendation (Docket No. 23), which is currently pending before Judge Campbell. The two purported amendments at issue were filed after the Report and Recommendation was submitted and after Plaintiff filed his Objection to the Report and Recommendation.

Fed. R. Civ. P. 15(a) provides in relevant part as follows:

> (a) Amendments Before Trial.
>
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
>   (A)  21 days after serving it, or
>   (B)  If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff did not seek or obtain leave of Court for the filing of the two amendments at issue, so he cannot amend his Complaint under Rule 15(a)(2). Additionally, Plaintiff is not entitled to amend his pleading as a matter of course under Rule 15(a)(1)(A) because his pleading has never been served, or under Rule 15(a)(1)(B) because none of the listed Motions has been filed.

For the foregoing reasons, the undersigned recommends that the two purported amendments at issue (Docket Nos. 26, 27) be STRICKEN.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14)

days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge