IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:12-0590 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| BAD GOVERNMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se prisoner Plaintiff's "Petition for Injunction." Docket No. 28. Plaintiff seeks an injunction against Judge David Earl Durham and Wilson County for three allegedly "abhorrent acts." Docket No. 28, p. 1. Plaintiff avers that Judge Durham and the "prosecutor" withheld exculpatory information and participated in a conspiracy to deprive him of "vast amounts of property." He further avers that Judge Durham conspired with the District Attorney and Public Defender to deprive Plaintiff of trial rights, witnesses, and rights to pro se representation. Finally, he avers that a Public Defender, Judges John D. Wooten, Jr. and James Oscar Bond, Sr., and Clerk, Linda Neal, deprived him of "vast amounts of property, post-conviction trial rights, and appellate rights . . . and – LIBERTY!"

Plaintiff concludes as follows:

> Wherefore, Honorable Todd J. Campbell, these are not caprice cursory palpable allegations and are greatly more detailed in the suit complaint, Plaintiff's prayer is more than substantiated for injunction against Judge Durham from trying Plaintiff's case and truly warrants transfer of case to Nashville considering the

pervasive acts of prejudice perpetrated against the Plaintiff.

*Id.*, p. 2.

It appears that the only injunctive relief sought by Plaintiff is to prohibit Judge Durham from trying Plaintiff's case. While Plaintiff refers to the transfer of his case to Nashville, it is unclear whether he seeks a transfer to this Court or to another Court.

As a general rule, federal courts do not enjoin state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* court referred to "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. at 41 (footnote omitted). While *Younger* recognized an exception to the general rule for "bad faith prosecution," *Younger* did not involve a bad faith prosecution. Instead, *Younger* referred to *Dombrowski v. Pfister*, 380 U.S. 479 (1965) as such a case. As one noted commentator has stated:

> The Supreme Court has defined a *bad faith prosecution* as a prosecution that "has been brought without reasonable expectation of obtaining a valid conviction." The Court has not applied this exception since its *Younger* decision, but has rejected claims of bad faith prosecution in several cases . . . . The bad faith prosecution exception, then, may be limited to the *Dombrowski* facts: repeated state prosecution solely to harass rather than to convict, coupled with the inability to assert constitutional claims in the state proceedings because lack of prosecution.

**Moore's Federal Practice 3d** § 122.05[3][a], p. 122-91 (italics in original, footnote omitted).

Additionally, Plaintiff has not specifically averred that he has been prosecuted in bad faith, nor has he supplied any specific facts that would support such a position. Thus, the "bad faith" exception to the *Younger* abstention doctrine does not apply in the case at bar.

Moreover, the undersigned has previously submitted a Report and Recommendation,

2

recommending in part that Plaintiff's claims against all Defendants, except Chief Bryant, be dismissed. Docket No. 15. That Report and Recommendation is pending before Judge Campbell. The Report and Recommendation concludes in part that Judge Durham has judicial immunity. Plaintiff, therefore, cannot show a substantial likelihood of success on the merits, which is one of the requirements for the issuance of an injunction. *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

For the foregoing reasons, the undersigned recommends that Plaintiff's "Petition for Injunction" (Docket No. 28) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge