IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN HESSMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:12-00590 |
| | ) JUDGE CAMPBELL/KNOWLES |
| BAD GOVERNMENT, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion to Add Newly Named Defendants Under Permissive Joinder Pursuant to F.R.Cv.P. Rule 20(a)(2)(A)(B) with Memorandum of Law." Docket No. 65. The operative language of the Motion is as follows:

> The Sheriff, Terri [*sic*] Ashe, put me in T.D.O.C. on January 18th of 2000 for filing grievances against him and threatening § 1983 for the deprivation of my constitutional rights.

*Id.*, p. 1.

With the Motion, Plaintiff has filed three unissued subpoenas, from "State of Tennessee District Court Davidson County." *Id.*, p. 4-6. Those subpoenas are directed to "Clerk Linda Neal," "Deputy Jaron Gray," and "Deputy Roger Smith," but they do not command the production of anything or the appearance of anyone. It is completely unclear whether the subpoenas are meant to relate to the Motion. As discussed above, the Motion itself mentions only Sheriff Terri [*sic*] Ashe. It does not refer to the subpoenas.

Plaintiff sued Sheriff Terry Ashe in his original Complaint. Docket No. 1. The undersigned submitted a Report and Recommendation recommending that most of the Defendants, including Sheriff Ashe, be dismissed from the case because Plaintiff had failed to state a claim upon which relief could be granted as to those Defendants. Docket No. 15. Judge Campbell subsequently adopted the Report and Recommendation, dismissing Plaintiff's claims against Sheriff Ashe with prejudice. Docket No. 35.

Moreover, Plaintiff seeks to sue Sheriff Ashe for incidents that occurred in the year 2000. Any such claims are barred by the statute of limitations. T.C.A. § 28-3-104(a)(3).

For the foregoing reasons, the instant Motion (Docket No. 65) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge