# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN HESSMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:12-0590 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| BAD GOVERNMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion to Add Wilson County for Retaliatory Transfer." Docket No. 74. Plaintiff seeks to add the "municipality of Wilson County" as a Defendant in this action "for a pattern of [*sic*] practice of putting Plaintiff in maximum security prison for standing up for constitutional rights . . . ." Docket No. 74, p. 1.

The Motion contains a section headed "FACTS," which contains only the following three sentences:

> 1. Wilson County put Plaintiff in max from 1-13-00 to 3-30-00 for threatening § 1983 suit;
>
> 2. Wilson County put Plaintiff in max from 5-24-12 to present for filing grievance; and
>
> 3. Just as with Plaintiff, County has also put pretrial detainee Frank Young in max without any hearing to rebut transfer;

Docket No. 74, p. 1-2.

The Court may deny a Motion to Amend a Complaint if the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178 (1962). An amendment would be futile if it fails to state a claim on which relief can be granted. *Sinay v. Lamson & Sessions Co.,* 48 F.2d 1037, 1041-42 (6th Cir. 1991).

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a dismissal for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Plaintiff's statement concerning a "pattern of practice" is a conclusionary legal allegation which the Court does not accept pursuant to *Iqbal*.

Plaintiff's apparent attempt to make a claim on behalf of another inmate, Frank Young, fails as well. Plaintiff has no standing to assert claims of Mr. Young. To the extent that Plaintiff is attempting to show a "pattern of practice" by referring to conduct allegedly perpetrated against

two individuals, such an allegation does not satisfy the requirement that a "custom, policy, or practice" be "widespread." *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) (citation omitted). Thus, Plaintiff's statement concerning a pattern or practice by Wilson County is not supported by any factual allegations.

Plaintiff's "factual" allegations regarding being put in max from 1-13-00 to 3-30-00 are barred by the statute of limitations. T.C.A. § 28-3-104(a)(3).

Plaintiff's allegation that "Wilson County" put him in max from "5-24-12 to present" for filing a grievance is not sufficient to state a claim against Wilson County. Plaintiff does not identify any specific individual associated with Wilson County who allegedly put him in max. "Wilson County," an inanimate governmental entity of the State of Tennessee, cannot have acted to put Plaintiff in max. To the extent that an agent of Wilson County may have violated Plaintiff's constitutional rights, Wilson County is not liable for its agent's acts under a theory of respondeat superior. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

Finally, the Court notes that Plaintiff sued Wilson County in his original Complaint. The basis for that claim was not clear, and it was ultimately dismissed by Judge Campbell. Docket Nos. 15, 35.

In sum, the claims Plaintiff seeks to add against Wilson County are futile. Therefore, the instant Motion (Docket No. 74) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

3

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge