## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION


JOHN HESSMER,                )
                                )
          **Plaintiff,**       )
                                )
                                )
**vs.**                            )       **CASE NO. 3:12-0590**
                                )       **JUDGE CAMPBELL/KNOWLES**
                                )
**BAD GOVERNMENT, et al.,**     )
                                )
          **Defendants.**    )


## REPORT AND RECOMMENDATION


On January 22, 2013, the undersigned entered an Order noting that there is no indication in the file that Defendant Bryant has been served with the Summons and Complaint. Docket No. 78, p. 1. The Order quoted Fed. R. Civ. P. 4(m) and stated in relevant part:

> Within twenty (20) days of the date of entry of this Order, therefore, Plaintiff shall file a written statement showing good cause for his failure to serve the Defendant within 120 days after the filing of the Complaint. *If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice.*

Docket No. 78, p. 1-2 (emphasis added).

The record reflects that, on February 8, 2013, a letter from Plaintiff to Honorable Todd J. Campbell, dated 2-5-13 was received in the Clerk's Office. Docket No. 88. While that letter raises several arguments not related to the prior Order, it also states in relevant part as follows:

> 8. And now Magistrate Knowles is purposing the dismissal of only active claim for lack of filing summons with Court and lack of service of complaint upon Defendant, when in fact, Plaintiff has filed summons and served complaint and outgoing prison mail logs prove that purposed dismissal is totally unfounded.

Docket No. 88, p. 2.

Plaintiff has not submitted any "outgoing prison mail logs" to support his statement. Despite what such logs may show, as the Court previously observed, there is no indication in the record that Defendant Bryant has ever been served with the Summons and Complaint. Plaintiff failed to comply with Fed. R. Civ. P. 4(m), and he has not shown good cause for that failure.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge

---

[1] Chief Bryant is the only Defendant remaining in this action. The Court notes, however, that Plaintiff has recently filed a "Motion to Add Wilson County for Retaliatory Transfer." Docket No. 74. The undersigned has submitted a Report recommending that that Motion be denied. Docket No. 89.