IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN HESSMER, )
)
        Plaintiff, )
)
)
vs. ) CASE NO. 3:12-0590
) JUDGE CAMPBELL/KNOWLES
)
BAD GOVERNMENT, et al., )
)
        Defendants. )

# REPORT AND RECOMMENDATION

On January 30, 2014, the undersigned entered an Order citing Fed. R. Civ. P. 4(m) and stating in relevant part:

> Within twenty (20) days of the date of entry of this Order, therefore, Plaintiff shall file a written statement showing good cause for his failure to serve the Defendant within 120 days after the filing of the Complaint. If Plaintiff fails to comply with the provisions of this Order, the undersigned will recommend that this action be dismissed without prejudice.

Docket No. 114, p 2.

It should be noted at the outset that Plaintiff, while he is proceeding pro se, is not proceeding in forma pauperis. Docket No. 52. Therefore, the U.S. Marshal Service is not required to serve process in this case. *See* 28 U.S.C. § 1915(d). Fed. R. Civ. P. 4(c)(1) provides:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

On February 10, 2014, Plaintiff filed a "Notice of Error," which is apparently Plaintiff's

Response to the foregoing Order. Docket No. 116. In a section headed "Court Errors," Plaintiff states as follows:

> 1. Defendant Robert Bryan was served original Complaint on May 31st 2012 as noted by #(7) in the original Complaint and may be verified by the $200.00 mailing fee withdrawal form and outgoing mail log books at Riverbend Maximum Security Prison.
>
> 2. Plaintiff mailed Defendant a "2nd" copy of the Complaint immediately after receiving a copy of the Complaint and Summons served on Defendant by Clerk on 2-15-13; and
>
> 3. It also appears that the Clerk's Office has also served Defendant a copy of Complaint and Summons on 2-15-13.

Docket No. 116, p. 1.

First, there is nothing in the record to indicate that Defendant Bryan was served on May 31, 2012. In fact, the instant lawsuit was not filed until June 7, 2012. The Court does not understand Plaintiff's reference to "#(7)in the original Complaint." Additionally, the Court is unfamiliar with a "mailing fee withdrawal form."

Plaintiff's references to February 15, 2013, apparently relate to the Court's Order entered that day. Docket No. 93. That Order noted in part that it appeared that Plaintiff had previously returned a completed handwritten Summons for Chief Bryan to the Clerk's Office. That Summons was received in the Clerk's Office on November 1, 2012, but it was never issued nor was it ever docketed. That Order stated in relevant part:

> While there is still no indication in the record that Defendant Bryan has ever been served with the Summons and Complaint, it does appear that the Clerk's Office, after receiving the completed Summons from Plaintiff, erroneously failed to issue that Summons and failed to return it to Plaintiff for service. In view of the foregoing, good cause exists for Plaintiff's failure to serve Defendant within 120 days after the filing of the Complaint.

2

> The Clerk, therefore, is directed to issue a Summons in this action
> to Defendant Chief Bryan and to send that Summons with a copy
> of the Complaint to Plaintiff for service upon Chief Bryan.

Docket No. 93, p. 2 (footnote omitted).

Plaintiff states that he mailed Defendant a second copy of the Complaint. Plaintiff apparently is under the erroneous impression that he has properly served Chief Bryan by mailing him a copy of the Complaint. That position is not correct. *See* FRCP 4(c)(2).

Finally, the "Notice of Error" refers to a possible service upon Defendant by the Clerk's Office. The Clerk's Office, however, does not serve process, and there is nothing in the record to indicate that it has ever attempted service upon Chief Bryan. In fact, the undersigned's Order entered February 15, 2013, plainly states that the Clerk was directed to issue a Summons to Chief Bryan and to send that Summons with a copy of the Complaint "*to plaintiff* for service upon Chief Bryan." Docket No. 93, p. 2 (emphasis added).

The Court also notes that Plaintiff has sent the undersigned a letter dated 2-10-14, which states:

> Honorable E. Clifton Knowles, a "3rd" Complaint is mailed to
> Sheriff Robert Bryan today.

Docket No. 118.

As discussed above, Plaintiff apparently erroneously believes that he has served Chief Bryan (several times) by mailing him copies of the Summons and Complaint. There is, however, nothing in the record to indicate that Plaintiff has properly served Chief Bryan, and Chief Bryan has never appeared in this action. Even though Plaintiff is proceeding pro se, he is required to comply with the Federal Rules of Civil Procedure. He has not done so, and he has not offered a sufficient excuse for his failure to timely serve Chief Bryan as discussed above.

3

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITHOUT PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                                                                                              _____
                                                                  E. Clifton Knowles
                                                                 United States Magistrate Judge